UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEO SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:19-CV-630-ERW |
| | ) | |
| T.G. WERLICH, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Michael Leo Smith, which seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Specifically, petitioner requests relief under the First Step Act of 2018[1] for the sentence imposed against him by the United States District Court for the Eastern District of Missouri in *United States v. Smith*, No. 4:05-CR-280-ERW-6 (E.D. Mo.). For the reasons discussed below, the Court will administratively close this habeas action and transfer petitioner's application for relief to his criminal case.

### Discussion

On December 8, 2005, petitioner pled guilty to one count of distributing and possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). *United States v. Smith*, No. 4:05-CR-280-ERW-6 (E.D. Mo.). He was sentenced on October 2, 2006, to 188 months imprisonment and four years of supervised release. Petitioner originally filed this habeas action in the United States District Court for the Southern District of Illinois. *Smith v.*

---

[1] The First Step Act of 2018 retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010. *See* First Step Act of 2018, § 404(a) (stating that "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010…that was committed before August 3, 2010"). If sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed, the court that imposed the sentence may impose a reduced sentence. *See* First Step Act of 2018, § 404(b). "The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010…(3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses." *United States v. Kamber*, 2019 WL 399935, at *1 (S.D. Ill. 2019).

*Werlich*, No. 3:19-CV-34-NJR (S.D. Ill.). The matter was ordered transferred to this Court on March 15, 2019. Petitioner seeks relief from the sentence imposed against him by this Court, asserting that he is entitled to release under the retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018.

Petitioner's argument relates to a decrease in his sentence, which is more properly brought by a motion for reduction of sentence in his criminal case pursuant to 18 U.S.C. § 3582(c). Therefore, the Court will administratively close this action, and transfer petitioner's application for relief to his criminal case.

Accordingly

**IT IS HEREBY ORDERED** that this action is **ADMINISTRATIVELY CLOSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make a copy of petitioner's application for relief and file it as a motion for reduction of sentence under the First Step Act in *United States v. Smith*, No. 4:05-CR-280-ERW-6.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide notice to the Office of the Federal Public Defender that petitioner has filed a motion for relief under the First Step Act.

Dated this 7th day of May, 2019.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE